**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SCOTT DOLEMBA, individually, and on behalf of the class members described herein, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| COAST TO COAST FINANCIAL SOLUTIONS, INC., and ALLIED WASTE TRANSPORTATION, INC., d/b/a REPUBLIC SERVICES OF CRESTWOOD, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.     Plaintiff Scott Dolemba brings this action to secure redress from unlawful collection practices engaged in by defendant Coast to Coast Financial Solutions, Inc., on behalf of Allied Waste Transportation, Inc., d/b/a Republic Services of Crestwood.  Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

### VENUE AND JURISDICTION

2.     This Court has jurisdiction under, 28  U.S.C. §1331, *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012);  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005), 28 U.S.C. §1337 and 28 U.S.C. §1367.

3.     Venue and personal jurisdiction in this District are proper because defendants' collection communications were received by plaintiff within this District.

### PARTIES

4.     Plaintiff Scott Dolemba resides in the Northern District of Illinois.

5.     Defendant Coast to Coast Financial Solutions, Inc., is a California corporation with its principal office located at 101 Hodencamp Road, Suite 120, Thousand Oaks, California

91360. Its registered agent and office is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

6.     Defendant, Coast to Coast Financial Solutions, Inc., is engaged in the business of a collection agency, using the mails and telephone to collect debts originally owed to others.

7.     Defendant Allied Waste Transportation, Inc., is a Delaware corporation with its principal place of business at 18500 N. Allied Way, Phoenix, AZ 85054. It does business in Illinois and uses the name "Republic Services of Crestwood." It has offices at 13701 S. Kostner Ave., Crestwood, IL 60445. Its registered agent and office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

## FACTS

8.     Defendant Coast to Coast Financial Solutions, Inc., has been attempting to collect from plaintiff an alleged garbage service debt allegedly owed to Allied Waste Transportation, Inc., d/b/a Republic Services of Crestwood.

9.     On Friday, January 29, 2016, at about 11:04 a.m., plaintiff received a call on his cell phone. The number that appeared as the originating number was 630/ 472-5322.

10.    On Monday, February 1, 2016, at about 11:02 a.m., plaintiff received a call on his cell phone. The number that appeared as the originating number was 630/ 472-5322.

11.    On Wednesday, February 3, 2016, at about 10:54 a.m., plaintiff received a call on his cell phone. The number that appeared as the originating number was 630/ 472-5322.

12.    On Friday, February 5, 2016, at about 11:28 a.m., plaintiff received a call on his cell phone. The number that appeared as the originating number was 630/ 472-5322. The caller identified herself as Janet and informed plaintiff that the call was being recorded and that she was calling him in an attempt to collect an alleged debt for Republic Services. Plaintiff asked the caller what number she was calling from, and she informed him that the call was autodialed and that she did not know the number she called from because there are many numbers that are used to make the calls. Plaintiff ended the call.

13. On February 6, 2016, plaintiff sent defendant Coast to Coast Financial Solutions, Inc., the letter attached as <u>Exhibit A</u>.

14. On Friday, February 12, 2016, at about 2:02 p.m., plaintiff received a call on his cell phone. The number that appeared as the originating number was 630/ 472-5322.

15. On Monday, February 15, 2016, at about 11:34 a.m., plaintiff received a call on his cell phone. The number that appeared as the originating number was 630/ 472-5322.

16. Plaintiff has received other calls as well.

17. All of these calls were placed on behalf of Allied Waste Transportation, Inc.

18. Coast to Coast Financial Solutions, Inc., uses automated dialing equipment. It states on its payment web site (https://coast2coast.virtualcollector.net/TermsConditions.aspx) that, "By accepting these terms and conditions you agree and expressly consent to being contacted by Coast to Coast through the use of an automatic telephone dialing system to receive autodialed, prerecorded calls and text messages to any applicable wireless telephone number." Its main website (http://c2cfsi.com/contingency-collections) states: "Further, we make use of the industry's most sophisticated technology, including predictive dialing, automated messaging, and skip tracing, to maximize the number of individuals we reach and number of dollars we collect."

## COUNT I – TCPA – CLASS CLAIM

19. Plaintiff incorporates paragraphs 1-18.

20. Defendant Coast to Coast Financial Solutions, Inc., violated the Telephone Consumer Protection Act, 47 U.S.C §227(b)(1)(A)(iii), by using an automated dialer to call plaintiff's cell phone on February 12, 2016, and afterward after defendant had been told to stop calling.

21. Defendant Coast to Coast Financial Solutions, Inc., either negligently or wilfully violated the rights of plaintiff and other recipients in placing the calls.

22. Defendant Allied Waste Transportation is liable as the principal of defendant

Coast to Coast Financial Solutions, Inc.

23. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 F.C.C. Rcd. 559 ¶1 (Jan. 4, 2008) ("2008 FCC Ruling"). The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." Id. at ¶9-10.

24. In the same Declaratory Ruling, the FCC emphasized that both the creditor and the third party debt collector may be held liable under the TCPA for debt collection calls. *Id.* at ¶10 & n.38. ("A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call…. A third party collector may also be liable for a violation of the Commission's rules.")

25. Plaintiff suffered damages as a result of receipt of the call. Furthermore, plaintiff's statutory right of privacy was invaded.

26. Plaintiff is entitled to statutory damages.

27. Defendants violated the TCPA even if their actions were only negligent.

28. Defendants should be enjoined from committing similar violations in the future.

29. The TCPA provides, at 47 U.S.C. §227(b):

**Restrictions on use of automated telephone equipment**

**(1) Prohibitions**

**It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

    **(A) to make any call (other than a call made for emergency purposes or**

> **made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice– . . .**
>
>> **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;**

30. The TCPA provides, at 47 U.S.C. §227(b)(3):

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-**
>
> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive $ 500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

## CLASS ALLEGATIONS

31. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class and a subclass.

32. The class consists of (a) all persons (b) who, on or after a date four years prior to the filing of this action, (c) received a call on a cell phone (d) placed using an automatic telephone dialing system or a prerecorded or artificial voice (e) placed by or on behalf of defendant Coast to Coast Financial Solutions, Inc., (f) and where consent was not in effect.

33. The subclass consists of class members whose calls were placed on behalf of Allied Waste Transportation, Inc.

34. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief, based on the nature of automated dialing equipment, that there are more than 40 members of the class.

35. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendant Coast to Coast Financial Solutions, Inc., engaged in a pattern of making or causing to be made calls using an automated dialer or a recorded or artificial voice;

    b. Whether defendant Coast to Coast Financial Solutions, Inc., acted without the consent of the called parties;

    c. Whether defendant Coast to Coast Financial Solutions, Inc. thereby violated the TCPA.

    d. The liability of Allied Waste Transportation, Inc.

36. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel has any interests which might cause them not to vigorously pursue this action.

37. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

38. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

39. Several courts have certified class actions under the TCPA: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.*, 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763

(N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012);  *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*,  259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010);  *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009);  *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002);  *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010);  *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*,  03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

40. The court in *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012) also issued a class-wide injunction restraining the actions that plaintiff alleged violated the TCPA.

41. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a.    Statutory damages;

    b.    An injunction against the further transmission of unsolicited fax advertising;

    c.    Costs of suit;

    d.    Such other or further relief as the Court deems just and proper.

### COUNT II – ILLINOIS CONSUMER FRAUD ACT – CLASS CLAIM

42. Plaintiff incorporates paragraphs 1-18.

43. Defendant Coast to Coast Financial Solutions, Inc., engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by making unauthorized robocalls to plaintiff's cell phone.

44. Defendant Coast to Coast Financial Solutions, Inc.'s conduct is contrary to public policy, as set forth in the TCPA.

45. Plaintiff suffered damages as a result of receipt of the call.

46. Defendant Coast to Coast Financial Solutions, Inc., engaged in such conduct in the course of trade and commerce.

47. Defendant Allied Waste Transportation, Inc. is liable as principal for the conduct of Coast to Coast Financial Solutions, Inc.

48. Defendants should be enjoined from committing similar violations in the future.

### CLASS ALLEGATIONS

49. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class and a subclass.

50. The class consists of (a) all persons (b) who, on or after a date 3 years prior to the filing of this action, (c) received a call on a cell phone (d) placed using an automatic telephone dialing system or a prerecorded or artificial voice (e) placed by or on behalf of

defendant Coast to Coast Financial Solutions, Inc., (f) and where consent was not in effect.

51. The subclass consists of class members whose calls were placed on behalf of Allied Waste Transportation, Inc.

52. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief, based on the nature of automated dialing equipment, that there are more than 40 members of the class.

53. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendant Coast to Coast Financial Solutions, Inc., engaged in a pattern of making or causing to be made calls using a recorded or artificial voice;

    b. Whether defendant Coast to Coast Financial Solutions, Inc., engaged in a pattern of making or causing to be made calls without consent;

    c. Whether defendant thereby violated the ICFA.

    d. The responsibility of Allied Waste Transportation, Inc.

54. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel has any interests which might cause them not to vigorously pursue this action.

55. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

56. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

57. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a. Compensatory and punitive damages;

    b. An injunction against further violations;

    c. Attorney's fee, litigation expenses and costs of suit;

    d. Such other or further relief as the Court deems just and proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\32349\Pleading\Complaint FINAL corrected_Pleading.wpd

## **VERIFICATION**

  The undersigned declare under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of the undersigned's knowledge and belief.

_____
Scott Dolemba

**NOTICE OF LIEN AND ASSIGNMENT**

 Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

             s/Daniel A. Edelman
             Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **DOCUMENT PRESERVATION DEMAND**

Each plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                                                                   s/Daniel A. Edelman
                                                                   Daniel A. Edelman